# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

    Plaintiff,

vs.                                                  Case No. 1:21-mj-00750 KWR

SAM ADAMS WILLIAMS,

    Defendant.

## ORDER DENYING DEFENDANT'S APPEAL OF DETENTION ORDER

THIS MATTER is before the Court on Defendant's Appeal from Detention Order **(Doc. 20)**. The Court, having reviewed the parties' pleadings and considered the applicable law, concludes that a hearing is not necessary to resolve the issues presented. *United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019) (explaining that the court may hold a hearing, but that a hearing is not required); *See* D.N.M. LR-Crim. 47.10 ("Parties will state in their pleadings whether and *why* an evidentiary hearing is needed.") (emphasis added). Having conducted a *de novo* review of the record in this case, pretrial services' report and recommendation, and the parties' pleadings, the Court finds Defendant's Motion is not well taken and, therefore, is **DENIED.**

## BACKGROUND

Defendant was charged with knowingly possessing ammunition in violation of 18 U.S.C. §§ 922(g)(1), and 924, and possession with intent to distribute 50 grams and more of a mixture and substance containing a detectable amount of methamphetamine.

In this case, Defendant was found with ammunition, 50 grams and more of methamphetamine, mushrooms, counterfeit currency, a currency printer, and stolen motorcycles.

An evidentiary detention hearing was held, and Judge Ritter entered an order detaining Defendant pending trial, finding that Defendant had failed to present evidence to rebut the presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant or the safety of the community. **Doc. 18 at 2;** 18 U.S.C. 3142(e)(3).

The parties agreed that the presumption arose in this case, and to rebut the presumption Defendant *asserted* that (1) he had strong ties to Albuquerque and (2) he did well in a structured environment. Judge Ritter found that there was no record that Defendant did well in a structured environment, and concluded that Defendant's ties to Albuquerque were not sufficient to rebut the presumption. **Doc. 22 at 10.**

The pretrial services report recommended that Defendant be detained, because no condition or combination of conditions would reasonably assure the appearance of the defendant as required and the safety of the community. **Doc. 11.** The pretrial services report noted that defendant poses a risk of nonappearance for the following reasons:

- Offense Charged and/or Defendant's conduct during arrest for instant offense
- Mental health history
- Substance Abuse History
- History of Failure to Appear
- Lack of Verifiable, Legitimate Employment
- Pending charges
- Pretrial, Probation, Parole, or Supervised Release Status and Compliance

- Criminal history

It also noted that he posed a risk of danger to the community for the following reasons:

- Nature of Instant Offense
- Substance Abuse History
- Mental health history
- Pretrial, Probation, Parole, or Supervised Release Status and Compliance
- Criminal association
- Gang involvement

2

- History/charge involving violence
- History of weapon use
- Criminal history

The pretrial services report also showed a criminal history. Defendant had prior charges for (1) battery against a household member, (2) DWI, and (3) reckless driving. In 2009, Defendant was convicted of armed robbery with a deadly weapon. While on conditions of release for armed robbery, his conditions of release were revoked multiple times. He failed to appear and violated probation. While on release, he also committed multiple drug trafficking felonies. In his appeal of the detention order Defendant did not rebut the pretrial services report or point out errors.

Defendant requests that he be released to the third-party custody of his mother, along with other conditions of release.

## **LEGAL STANDARD**

Defendant appeals Judge Ritter's detention order. "A defendant may be detained pending trial if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Mobley*, 720 F. App'x 441, 443–44 (10th Cir. 2017), *citing* 18 U.S.C. § 3142(e)(1). "The government bears the burden of proving risk of flight by a preponderance of the evidence and dangerousness to any other person or the community by clear and convincing evidence." *Mobley*, 720 F. App'x at 443-44 (internal citations omitted), *citing United States v. Cisneros,* 328 F.3d 610, 615 (10th Cir. 2003).

Under § 3142(g), the court must consider four factors as part of the evaluation: "(1) the nature and circumstances of the offense charged, including whether the offense ... involves a minor victim"; "(2) the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

A district judge may order release or revoke a detention order under § 3145. The Court reviews the detention order *de novo*. *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003). Moreover, the Court may consider the evidence before the magistrate judge and may also consider new evidence presented by the parties. *Id.* at 617.

Defendant did not request a hearing and did not explain why one was necessary. *See* D.N.M. LR-Crim. 47.10 ("Parties will state in their pleadings whether and *why* an evidentiary hearing is needed."). As to an appeal of a detention order, "[a] district court conducts a de novo review of [the] detention order, [] but there is no statutory requirement that the court hold a hearing." *United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019) (citation omitted) *citing United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003).

## **DISCUSSION**

Defendant appeals Judge Ritter's detention order under 18 U.S.C. § 3145. The Court finds that release is inappropriate because Defendant has not presented evidence that tends to rebut the presumption of detention in this case under 18 U.S.C. § 3142(e)(3). Alternatively, the § 3142(g) factors along with the presumption weigh heavily towards finding by a preponderance of the evidence that Defendant is a flight risk and by clear and convincing evidence that he is a danger to the community. Moreover, no proposed condition or combination of conditions can reasonably assure the safety of the community or his appearance.

**I.     Presumption was not rebutted.**

Defendant is charged with trafficking methamphetamine with a maximum term of imprisonment of ten years or more, which establishes a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person and the safety of the community." 18 U.S.C. § 3142(e)(3). Defendant admits the rebuttable presumption applies.

4

It is Defendant's burden to produce evidence to rebut the presumption. *See United States v. Stricklin,* 932 F.2d 1353, 1354–55 (10th Cir. 1991). "The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain." *Id.* at 1355. "However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government." *Id* at 1354.

To rebut the presumption, Defendant *asserted* that (1) he had strong ties to Albuquerque and (2) he did well in a structured environment. Judge Ritter found that there was no evidence that Defendant did well in a structured environment. The Court agrees. Defendant asserts, but provides no evidence, that he does well in a structured environment. Defendant's history, detailed in the pretrial services report and the Government's response, indicates that he does not. Defendant has a substantial criminal history and a history of non-compliance with conditions of release, including failure to appear.

Moreover, the Court does not see how Defendant's strong community ties is relevant to whether he is a danger to the community under the circumstances of this case. Defendant's strong ties to Albuquerque does not tend to alleviate the risk of danger to the community. Rather, while on release for an armed robbery charge, Defendant picked up two drug trafficking charges and repeatedly violated conditions of release.

Therefore, the Court concludes that Defendant has not submitted evidence that tends to rebut the presumption.

## II. <u>Detention factors under § 3142(g)</u>.

Alternatively, even if Defendant rebutted the presumption, the § 3142(g) factors along with the presumption weigh in favor of detention and a finding that no combination of conditions could

5

reasonably assure the safety of the community or Defendant's appearance. Defendant primarily makes policy arguments as to why defendants in general should not be detained pretrial. As noted by the Government, Defendant does not appear to be the type of low-risk defendant who merits release.

### A. Nature and Circumstances of Crime Charged.

Defendant is charged with possession of ammunition by a convicted felon in violation of 18 U.S.C. § § 922(g)(1) and 924, and possession with intent to distribute 50 grams and more of methamphetamine. These are serious charges and Defendant faces a sentencing range of five to forty years in prison. This factor weighs in favor of detention.

### B. Weight of the Evidence.

For the reasons stated by the Government, the weight of the evidence appears to be strong. Defendant has lived in his home, which he owns with his mother, since 2009. Officers found the contraband in his bedroom. This factor weighs in favor of detention.

### D. Defendant's history and characteristics.

The third factor is "the history and characteristics of the person." § 3142(g)(3). It includes the defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." § 3142(g)(3)(A).

Defendant was convicted of armed robbery with a dangerous weapon and while on release was charged with drug trafficking felonies. As described in the pretrial services report and by the Government in its response, Defendant has repeatedly failed to comply with conditions of release, absconded, and failed to appear. The Court acknowledges that Defendant faces mental health and

addiction issues and he could benefit from treatment. The Court also acknowledges that he has strong ties to Albuquerque. Overall, however, this factor weighs in favor of detention.

E. **Danger to Community.**

The Court must also consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

> the language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community. The Committee intends that the concern about safety be given a broader construction than merely danger of harm involving physical violence....

S.Rep. at 12-13, 1984 U.S. Code Cong. & Adm. News, 3195, *cited in United States v. Bolivar*, No. 20-CR-717 WJ, 2020 WL 1912004, at *3 (D.N.M. Apr. 20, 2020); *see also United States v. Boy*, 322 Fed. Appx. 598, 600 (10th Cir. 2009) (The "concept of safety of the community under § 3142(e) is not limited to the danger of physical violence, but rather refers to the danger that the defendant might engage in criminal activity to the detriment of the community.").

Here, Defendant poses, by clear and convincing evidence, a danger to the community if released. Defendant's repeated crimes, violations of conditions of probation or release, and failures to appear all indicate that he is a danger to the community.

F. **Conditions of release will not reasonably assure safety of the community or his appearance as required.**

Generally, a defendant must be released pending trial unless a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Begay,* 315 Fed.Appx. 53, 54 (10th Cir. 2009).

Defendant suggests a combination of conditions of release, including release to the third-party custody of his mother. The Government notes that Defendant's mother posted bond for his

release in 2011, after which Defendant failed to appear.  Given the nature and circumstances of the charged offense, Defendant's probation and release violations, and failures to appear, the Court doubts that Defendant's proposed combination of conditions of release would reasonably assure the safety of the community or Defendant's appearance.

## CONCLUSION

Defendant failed to rebut the presumption of detention.  Alternatively, weighing the § 3142(g) factors together along with the presumption, the Court concludes that Defendant is a danger to the community by clear and convincing evidence, and that no conditions of release will reasonably assure the safety the of the community.  Moreover, the Court finds by a preponderance of the evidence that Defendant is a flight risk and no combination of conditions will reasonably assure his appearance.

**IT IS THEREFORE ORDERED** that the Defendant's Appeal of Detention Order **(Doc. 20)** is hereby **DENIED.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE