IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

    Plaintiff,

vs.                                                                                        Case No. 1:21-mj-00750 KWR

SAM ADAMS WILLIAMS,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

THIS MATTER is before the Court on Defendant's Motion to Dismiss, filed on July 15, 2021 **(Doc. 25)**. Having reviewed the pleadings and the relevant law, the Court will deny Defendant's Motion to Dismiss. Defendant argues that the Government failed to file an indictment or information within 30 days of his arrest, mandating dismissal under 18 U.S.C. §§ 3161, 3162(a)(1). The Court disagrees.

Defendant was arrested in this federal case on June 14, 2021 and was detained pending trial. This matter was not presented to the grand jury until July 15, 2021. The indictment was filed that day. Government's counsel asserts that he assumed the grand jury would meet on its normally scheduled day, Tuesday July 13, 2021. Instead, this matter was set for presentation to the grand jury on July 15, 2021. Based on this apparent one-day delay, Defendant filed this motion to dismiss for violation of the Speedy Trial Act.

The Speedy Trial Act requires that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. §

3161(b). If the government fails to comply with this time limit, the charges in the complaint must be dismissed, with or without prejudice. *See id.* at § 3162(a)(1). However, the act also includes several tolling provisions. One subsection automatically tolls time when a pretrial motion is filed:

> **(h)** The following periods of delay **shall be excluded in computing the time within which an information or an indictment must be filed**…:
>
> **(1)** Any period of delay resulting from other proceedings concerning the defendant, including but not limited to--
>
> …
> **(D)** delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;

18 U.S.C. § 3161(h)(1)(D) (emphasis added). Here, two separate motions were filed. The parties agree that an oral motion for detention was made on June 15, 2021. **Doc. 6 at 1.** Judge Ritter held a detention hearing on June 17, 2021 and ordered that Defendant was detained. "Oral motions can toll the Act" under this provision. *United States v. Pasquale*, 25 F.3d 948, 950 (10th Cir. 1994). Therefore, three days were tolled from the speedy trial clock. Because the indictment was filed 31 days after Defendant was arrested in this case, this tolling is sufficient by itself to render the indictment timely.

Alternatively, Defendant filed a Notice of Appeal of Magistrate Judge's Detention Order and Request for Immediate Release with Conditions to the undersigned on June 25, 2021. **Doc. 20.** The Government filed a response on July 9, 2021, **Doc. 23,** and the Court entered an order denying Defendant's appeal of detention order on July 14, 2021. **Doc. 24.** The notice of appeal is a pretrial motion in which Defendant made factual and legal argument, and requested the Court release him from pretrial detention. The notice of appeal requests the Court grant relief, i.e., release from detention. The Court entered a written opinion making findings of fact and conclusion of law. The Court is authorized to holding hearings on a notice of appeal of detention order and

considers detention *de novo*.  This notice of appeal of detention order is in effect the same as a motion for detention, and the Court sees no reason why it should not be treated as a pretrial motion which tolls the speedy trial clock under § 3161(h)(1)(D). Counsel's characterization of the name of the motion does not change its substance. The notice of appeal of detention order and request for release tolls 19 days from the speedy trial clock.

Therefore, either motion tolls the speedy trial clock more than 1 day, rendering the indictment timely under 18 U.S.C. § 3161(b).

Defendant appears to argue that the motions do not toll the speedy trial clock because they did not cause any actual delay to the proceedings.  Defendant did not cite to any binding precedent for this proposition.  Rather, both the Tenth Circuit and United States Supreme Court have expressly rejected this argument and concluded that no actual delay of proceedings is required to toll the speedy trial clock.  *United States v. Tinklenberg*, 563 U.S. 647, 658–59, 131 S. Ct. 2007, 2015, 179 L. Ed. 2d 1080 (2011); *United States v. Vogl*, 374 F.3d 976, 986 (10th Cir. 2004) ("Accordingly, we now join these other circuits in holding that no "actual delay" is required for a district court to exclude time under § 3161(h)(1)[D]").  The excludable time under § 3161(h)(1)(D) is automatic, and the Court does not inquire into whether the pretrial motions in fact caused delay to proceedings.  As explained above, both motions were clearly pretrial motions in which counsel requested relief and made legal and factual arguments.

Defendant argues that he was in fact arrested 43 days before his indictment was filed, on June 2, 2021.  It appears that Defendant was arrested in state court proceedings and released by a state district court on June 3, 2021.  Defendant appears to argue that the federal government is responsible for the time spent in state prosecution but does not cite to case law explaining why.

3

The Court disagrees and concludes that the 30-day clock began running on his arrest in this federal case, June 14, 2021.

The general rule is that a state arrest does not trigger the Speedy Trial Act's clock, "even if the arrest is for conduct that is the basis of a subsequent indictment for a federal offense." *United States v. Mills,* 964 F.2d 1186, 1189–90 (D.C.Cir.), *quoted in United States v. Allen*, 986 F.2d 1354, 1356 (10th Cir. 1993); *United States v. Asfour*, 717 F. App'x 822, 825 (10th Cir. 2017) ("general rule is that '[a]n individual is 'arrested' under the Speedy Trial Act only when he is taken into custody after a federal arrest for the purpose of responding to a federal charge.' "). Defendant has neither cited to any relevant case law providing that this rule should not apply nor shown that any exception should apply. Therefore, the Court concludes that the Speedy Trial Act's clock began on June 14, 2021 when Defendant was arrested in the federal case. **Doc. 4.** Even if the Speedy Trial Act's clock began on June 2, 2021, more than 23 days were tolled by the two motions, which renders the indictment timely under the Speedy Trial Act.

**IT IS THEREFORE ORDERED** that the Defendant's Motion to Dismiss **(Doc. 25)** is hereby **DENIED**.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE